**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 15 |
| NEWSAT LIMITED, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 15 PETITIONS
FOR RECOGNITION OF AUSTRALIAN ADMINISTRATION
PROCEEDINGS AND RELATED RELIEF**

[1] The last four digits of the Australian Company Number for each debtor follow in parentheses: NewSat Limited (7303); NSN Holdings Pty Ltd. (3263); NewSat Services Pty Ltd. (8708); Jabiru Satellite Holdings Pty Ltd. (7800); NewSat Space Resources Pty Ltd. (9943); NewSat Networks Pty Ltd. (4994); and Jabiru Satellite Ltd. (7365).

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

JURISDICTION AND VENUE ........ 2

BACKGROUND ........ 3

ARGUMENT ........ 3

I. THE AUSTRALIAN PROCEEDING IS ENTITLED TO RECOGNITION AS A FOREIGN MAIN PROCEEDING ........ 3

A. These Cases Concern a “Foreign Proceeding” ........ 4

B. These Cases were Commenced by a “Foreign Representative” ........ 5

C. These Cases were Properly Commenced under Chapter 15 ........ 5

D. The Australian Proceeding Should be Recognized as a Foreign Main Proceeding ........ 6

E. The Administrators are Entitled to an Order Granting Recognition of the Australian Proceeding as a Foreign Main Proceeding ........ 8

II. THE ADMINISTRATORS ARE ENTITLED TO AN ORDER APPLYING SECTION 365 OF THE BANKRUPTCY CODE ........ 9

III. THE REQUESTED RELIEF DOES NOT VIOLATE SECTION 1506 OF THE BANKRUPTCY CODE ........ 10

CONCLUSION ........ 12

**TABLE OF AUTHORITIES**

**CASES**

*Hilton v. Guyot*,
159 U.S. 113 (1895)....................10

*Iida v. Kitahara (In re Iida)*,
377 B.R. 243 (B.A.P. 9th Cir. 2007)....................10

*In re ABC Learning Ctrs. Ltd.*,
445 B.R. 318 (Bankr. D. Del. 2010)....................4

*In re ABC Learning Ctrs. Ltd.*,
728 F.3d 301 (3d Cir. 2013)....................4

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008)....................5, 7

*In re Betcorp Ltd.*,
400 B.R. 266 (Bankr. D. Nev. 2009)....................4

*In re Ephedra Prods. Liab. Litig.*,
349 B.R. 333 (S.D.N.Y. 2006)....................10

*In re Gold & Honey, Ltd.*,
410 B.R. 357 (Bankr. E.D.N.Y. 2009)....................10, 11

*In re Metcalfe & Mansfield Alternative Invs.*,
421 B.R. 685 (Bankr. S.D.N.Y. 2010)....................10

*In re Millennium Global Emerging Credit Master Fund Ltd.*,
458 B.R. 63 (Bankr. S.D.N.Y. 2011)....................6

*In re Poltech Trust*,
No. 05-39020, 2005 Bankr. LEXIS 3214 (Bankr. N.D. Tex. Nov. 22, 2005)....................5

*In re SPhinX*,
351 B.R. 103 (Bankr. S.D.N.Y. 2006)....................7

*In re Qimonda AG*,
433 B.R. 547 (E.D. Va. 2010)....................11

**RULES AND STATUTES**

11 U.S.C. § 101(23) ....................3, 4, 5, 8

11 U.S.C. § 101(24) ....................3, 5, 8

11 U.S.C. § 101(41) ....................3

11 U.S.C. § 105(a) ....................3

11 U.S.C. § 304....................5, 8

11 U.S.C. § 304(c) ....................8

11 U.S.C. § 365....................9, 10

11 U.S.C. § 1501....................2

11 U.S.C. § 1501(a) ....................11

11 U.S.C. § 1501(b)(1) ....................3

11 U.S.C. § 1502....................8

11 U.S.C. § 1502(2) ....................8

11 U.S.C. § 1502(4) ....................3, 6, 7, 8

11 U.S.C. § 1502(5) ....................8

11 U.S.C. § 1504....................1, 3, 4, 5

11 U.S.C. § 1506....................8, 10, 11

11 U.S.C. § 1507....................2, 3

11 U.S.C. § 1508....................11

11 U.S.C. § 1509....................4, 5

11 U.S.C. § 1515.................... passim

11 U.S.C. §§ 1515(a)-(c)....................5

11 U.S.C. § 1516(a) ....................6

11 U.S.C. § 1516(c) ....................................................................................................................6

11 U.S.C. § 1517.................................................................................................................1, 3, 9

11 U.S.C. § 1517(a) ....................................................................................................................8

11 U.S.C. § 1517(b)(1) ................................................................................................................6

11 U.S.C. § 1520.........................................................................................................................3

11 U.S.C. § 1521.................................................................................................................2, 3, 9

11 U.S.C. § 1522.........................................................................................................................9

28 U.S.C. § 157...........................................................................................................................2

28 U.S.C. § 157(b)(2)(P).............................................................................................................2

28 U.S.C. § 1334.........................................................................................................................2

28 U.S.C. § 1410(1) ....................................................................................................................2

28 U.S.C. § 1410(3) ....................................................................................................................2

**OTHER AUTHORITIES**

H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, *reprinted in* 2005 U.S.C.C.A.N. 88, 169 at 175.........................................................................................................................................8

H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, reprinted in 2005 U.S.C.C.A.N. 88, 172................10

Stephen James Parbery and Marcus William Ayres, of PPB Advisory in Sydney, Australia, are the duly appointed and acting joint and several administrators (the "**Administrators**") and authorized foreign representatives of NewSat Limited ("**NewSat**"), NSN Holdings Pty Ltd., NewSat Services Pty Ltd., Jabiru Satellite Holdings Pty Ltd., NewSat Space Resources Pty Ltd., NewSat Networks Pty Ltd., and Jabiru Satellite Ltd. (collectively, the "**NewSat Debtors**") in administration proceedings (together, the "**Australian Proceedings**") under Australia's *Corporations Act 2001* (Cth) (as amended, the "**Corporations Act**") subject to the supervision of the Federal Court of Australia and the Supreme Court of New South Wales (together, the "**Australian Courts**").

The Administrators commenced these chapter 15 cases ancillary to the Australian Proceeding by filing *Verified Petitions for Recognition of Foreign Proceeding and Related Relief* (the "**Chapter 15 Petitions**"),[2] with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), seeking the entry of an order substantially in the form annexed hereto as Exhibit A (the "**Proposed Order**") recognizing the Australian Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code and granting such other relief as is appropriate in the circumstances.

The Administrators respectfully file this Memorandum of Law in support of the Chapter 15 Petitions.

## PRELIMINARY STATEMENT

The Australian Proceeding was commenced to facilitate a consensual arrangement among the creditors of the NewSat Debtors under the supervision of the Australian Courts to

---

2 Capitalized terms used but not defined herein shall have the meanings assigned to them in the Chapter 15 Petitions.

continue the business of the NewSat Group as a going concern and preserve value for all stakeholders. Chapter 15 authorizes this Court to (i) recognize a foreign proceeding upon a foreign representative's proper commencement of a case under chapter 15 and (ii) grant assistance in the United States to such foreign representative with respect to the foreign proceeding, including by providing additional assistance under section 1507 and fashioning appropriate relief pursuant to section 1521.

The Chapter 15 Petitions satisfy all of the requirements set forth in section 1515 of the Bankruptcy Code. As a proceeding under the Corporations Act subject to the supervision of the Australian Courts involving companies with centers of main interest in Australia, the Australian Proceeding is entitled to the recognition and relief provided by chapter 15. The Administrators are informed and believes that granting the relief sought herein will best assure the fair and efficient administration of the Australian Proceeding in accordance with the principles underlying chapter 15 of the Bankruptcy Code. Moreover, such relief is consistent with the relief afforded by United States courts in other ancillary chapter 15 cases involving administration proceedings under the Corporations Act.

## **JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) and (3) because the principal asset of NewSat in the United States is the shares of capital stock it owns in NewSat America Inc., a Delaware corporation, which is deemed to be located in Delaware, and with respect to the other NewSat Debtors, venue in this

District is consistent with the interests of justice and convenience of the parties, having regard for the relief sought by the Administrators. The statutory predicates for the relief requested herein are sections 105(a), 1504, 1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

1. For a detailed description of the NewSat Debtors' business, capital structure, and circumstances leading to the commencement of the Australian Proceeding, the Court is respectfully referred to the Chapter 15 Petitions.

## ARGUMENT

### I.

### THE AUSTRALIAN PROCEEDING IS ENTITLED TO RECOGNITION AS A FOREIGN MAIN PROCEEDING

2. Chapter 15 of the Bankruptcy Code applies where a foreign representative seeks the assistance of a United States bankruptcy court in connection with a foreign proceeding. *See* 11 U.S.C. § 1501(b)(l). The Australian Proceeding is entitled to recognition as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code because, among other things:

(A) the Australian Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code and is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code because the Australian Proceeding is pending in the location of the center of main interests of each of the NewSat Debtors;

(B) each Administrator is a "person" within the meaning of section 101(41) of the Bankruptcy Code and a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code;

(C) the Chapter 15 Petitions were filed in accordance with sections 1504 and 1509 of the Bankruptcy Code; and

(D) the Chapter 15 Petitions meet the requirements of sections 1504, 1509, and 1515 of the Bankruptcy Code.

A. <u>These Cases Concern a "Foreign Proceeding"</u>

3. The Australian Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code. That section provides, in pertinent part, as follows:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

4. The Australian Proceeding is an insolvency proceeding brought under the Corporations Act, which provides a statutory means for applicants thereunder to reorganize their affairs subject to the supervision of a court. The Security Trustee has appointed the Administrators and thereby applied for protection under the Corporations Act with the aim to facilitate an arrangement with creditors and preserve the going-concern value of the NewSat Debtors under the supervision of the Australian Courts. As such, the Australian Proceeding falls squarely within the definition contained in section 101(23). Indeed, since the passage of chapter 15, Australian proceedings, and in particular those under the Corporations Act, have been granted recognition by courts in the United States. *See, e.g.*, *In re ABC Learning Centres Ltd.*, 445 B.R. 318 (Bankr. D. Del. 2010); *aff'd In re ABC Learning Ctrs. Ltd.*, 728 F.3d 301 (3d Cir. 2013); *In re Betcorp Ltd.,* 400 B.R. 266 (Bankr. D. Nev. 2009). Further, under former section 304 of the

Bankruptcy Code, the statutory predecessor to chapter 15, an Australian administration under the Corporations Act was granted comity. *See In Re. Poltech Trust*, No. 05-39020, 2005 Bankr. LEXIS 3214, *1 (Bankr. N.D. Tex. Nov. 22, 2005) (holding that an administration in Australia qualified as a "foreign proceeding" as that term was defined under former sections 101(23) and 304 of the Bankruptcy Code).

B. <u>These Cases Were Commenced by a "Foreign Representative"</u>

5. These cases were commenced by the Administrators, the duly authorized, "foreign representative" of the NewSat Debtors within the meaning of section 101(24) of the Bankruptcy Code. That section defines a "foreign representative," in pertinent part, as a "person or body . . . authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). Pursuant to section 438A of the Corporations Act, the Administrators are charged with, among other things, investigating the business, property, affairs and financial circumstances of the NewSat Debtors and forming an opinion as to whether an arrangement can be made with creditors of the NewSat Debtors to continue the business as a going concern, or if it would be in the creditors' interests for the NewSat Debtors to be wound up. Accordingly, the Administrators' statutory duties render each a proper "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

C. <u>These Cases Were Properly Commenced under Chapter 15</u>

6. The Administrators duly and properly commenced the cases, as required by sections 1504 and 1509 of the Bankruptcy Code, by filing the Chapter 15 Petitions for recognition of a foreign proceeding under section 1515(a) accompanied by all documents and information required by section 1515(b) and (c). *See In re Bear Stearns High-Grade Structured*

*Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code."). Because the Administrators have satisfied the requirements set forth in section 1515 of the Bankruptcy Code, it has properly commenced these cases.

D. The Australian Proceeding Should Be Recognized as a Foreign Main Proceeding

7. The Australian Proceeding should be recognized as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code. The Bankruptcy Code provides that a "foreign proceeding" that is the subject of a chapter 15 petition must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has its "center of . . . main interests." 11 U.S.C. § 1517(b)(1). Pursuant to section 1516(c) of the Bankruptcy Code, absent evidence to the contrary, a debtor's registered office is presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(a). The registered office for all of the NewSat Debtors is located at Level 4, 6 Riverside Quay, Southbank VIC 3006, Australia. Therefore, the Court is entitled to presume Australia is the center of main interests for each of the NewSat Debtors.

8. This presumption is further supported by the evidence. Although the Bankruptcy Code does not define "center of main interests," courts equate the concept with a company's principal place of business, examining factors such as the location of the debtor's headquarters, management, assets, creditors, and the jurisdiction of controlling law. *See In re Millennium Global Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 70 (Bankr. S.D.N.Y. 2011) ("In determining the COMI of a foreign debtor, cases have examined a number of factors, including: the location of the debtor's headquarters; the location of those who actually manage

the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.") (*quoting In re SPhinX*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007); *In re Bear Stearns*, 374 B.R. at 128 (same). A review of these factors also militates toward finding that Australia is the center of main interests for all of the NewSat Debtors.

*Headquarters and Management.* The NewSat Group's corporate head office and nerve center is located in Victoria, Australia. Indeed, a review of the 2014 New Sat Limited Annual Report suggests that nearly all of the NewSat Group executive management team is located in Australia.[3]

*Property and Assets.* The NewSat Debtors' principal property and assets are located in Australia.

*Creditors.* NewSat, the ultimate parent of the NewSat Group, is publicly listed on the Australian Stock Exchange.

*Controlling Law*. All of the NewSat Debtors are organized under the laws of Australia and subject to the Corporations Act.

9. There is overwhelming evidence that the Australian Proceeding is pending where each of the NewSat Debtors has its center of main interests and therefore the Australian Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code. However, out of an abundance of caution, the Administrators submit that the Australian Proceeding is pending where each of the NewSat Debtors have at least an

---

[3] NewSat Annual Report 2014, 21-23.

"establishment" as defined in section 1502(2), and thus the Australian Proceeding alternatively could constitute a "foreign nonmain proceeding" as defined in section 1502(5) of the Bankruptcy Code.

E. The Administrators Are Entitled to an Order Granting Recognition of the Australian Proceeding as a Foreign Main Proceeding

10. As evidenced above, the Australian Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code, the Administrators applying for recognition are "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code, and the Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code. Section 1517(a) of the Bankruptcy Code provides, in pertinent part, that "[s]ubject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if - (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515. 11 U.S.C. §1517(a). *See also* H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, *reprinted in* 2005 U.S.C.C.A.N. 88, 169 at 175 (noting, in enacting chapter 15, that the "decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition"). Accordingly, the Administrators respectfully submit that the Court should enter an order recognizing the Australian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code.

**II.**

**THE ADMINISTRATORS ARE ENTITLED TO AN ORDER APPLYING SECTION 365 OF THE BANKRUPTCY CODE**

11. In connection with the recognition of the Australian Proceeding, the Administrators further seek an order applying section 365 of the Bankruptcy Code in these chapter 15 cases. The Administrators respectfully submit that such relief is warranted under section 1521 of the Bankruptcy Code.

12. Section 1521 of the Bankruptcy Code provides a specific basis for a court overseeing a chapter 15 proceeding to provide additional relief to a foreign representative following the recognition of a foreign proceeding. Specifically, section 1521 allows a court to grant "any appropriate relief," including "any relief that may be available to a trustee," subject to certain limitations and provided that "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. §§ 1521, 1522.

13. Section 1521 has been held to be coextensive with relief otherwise available under the laws of the United States and therefore allows the Court to apply section 365 of the Bankruptcy Code in these chapter 15 cases. Section 365 is a fundamental protection under the Bankruptcy Code that enables a debtor to preserves valuable commercial relationships, including preventing counterparties from terminating their contracts as a result of the debtor's insolvency. 11 U.S.C. § 365.

14. The concerns that drive the application of section 365 in plenary cases apply with equal force here, as various vendors, service providers, and other creditors have threatened to terminate key contracts. The absence of these key contracts would irreparably harm the NewSat Debtors' enterprise value to the detriment of stakeholders, and undermine the

purpose of the Australian Proceeding. While section 365 does not apply as of right upon the recognition of a proceeding as a foreign main proceeding, the Administrators believe that such relief is warranted in these chapter 15 cases.

**III.**

**THE REQUESTED RELIEF DOES NOT VIOLATE SECTION 1506 OF THE BANKRUPTCY CODE**

15. The requested relief does not violate section 1506 of the Bankruptcy Code, which provides that a court may refuse to take an action in a chapter 15 case if such "action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. The legislative history of section 1506 makes clear that the public policy exception should be "narrowly interpreted" and is restricted to "the most fundamental policies of the United States." *In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333, 336 (S.D.N.Y. 2006) (citing H.R. REP. NO. 109-31(I), at 109, *as reprinted in* 2005 U.S.C.C.A.N. 88, 172). *See also In re Gold & Honey, Ltd.*, 410 B.R. 357 (Bankr. E.D.N.Y. 2009); *cf. Hilton v. Guyot*, 159 U.S. 113 (1895) (holding that a foreign judgment should generally be accorded comity if "its proceedings are according to the course of a civilized jurisprudence"). Accordingly, courts have held that the public policy exception "should be interpreted restrictively" and that "a foreign judgment should generally be accorded comity if its proceedings are . . . fair and impartial." *In re Ephedra Prods. Liab. Litig.*, 349 B.R. at 90-91 (internal citations omitted) (affirming foreign judgment issued in the absence of a jury trial). *See also In re Metcalfe & Mansfield Alt. Invs.*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010) (noting that "this public policy exception is narrowly construed" and enforcing broad third-party releases); *Iida v. Kitahara (In re Iida)*, 377 B.R. 243 (B.A.P. 9th Cir. 2007) ("This public policy exception is narrow and, by virtue of the qualifier 'manifestly,' is limited only to the most fundamental policies of the United States."). Courts engaging in this analysis

examine (i) whether the foreign proceeding was procedurally unfair and (ii) whether the application of foreign law would "'severely impinge the value and import' of a U.S. statutory or constitutional right, such that granting comity would 'severely hinder United States bankruptcy courts' abilities to carry out . . . the most fundamental policies and purposes' of these rights." *In re Qimonda AG*, 433 B.R. 547, 569 (E.D. Va. 2010) (citing *Gold & Honey, Ltd.*, 410 B.R. at 372).

16. In the instant matter, the Administrators request an order (i) recognizing the Australian Proceeding as a "foreign main proceeding" and (ii) applying section 365 of the Bankruptcy code in these chapter 15 cases. It cannot be contended that mere recognition of the Australian Proceeding or the application of section 365 would violate the public policy of the United States as such relief is expressly provided for in the Bankruptcy Code.

17. Accordingly, the Administrators respectfully submit that this Court should enter and order recognizing the Australian Proceeding. Such relief would not be manifestly contrary to the public policy of the United States, as prohibited in section 1506. Indeed, granting such recognition furthers the United States public policy respecting foreign proceedings as articulated, among other ways, through the objectives set forth in sections 1501(a) and 1508 of the Bankruptcy Code.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Administrators respectfully request that this Court grant the relief requested in the Chapter 15 Petitions, and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
April 16, 2015

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: */s/ Joseph M. Barry*

Joseph M. Barry (Del. Bar No. 4221)
Matthew B. Lunn (Del. Bar No. 4119)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone (302) 571-6600
Facsimile (302) 571-1253
jbarry@ycst.com
mlunn@ycst.com

-and-

**ALLEN & OVERY LLP**

Ken Coleman
Mark Nixdorf
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
ken.coleman@allenovery.com
mark.nixdorf@allenovery.com

*Attorneys for the Administrators*