IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 15 |
| NEWSAT LIMITED, *et al*,[1] | Case No. 15-10810 (KJC) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) *re: # 9* |

## TEMPORARY RESTRAINING ORDER

The *Emergency Motion for Temporary Restraining Order and, After Notice and a Hearing, a Preliminary Injunction, Pursuant to Section 1519, 105(a), 362 and 365 of the Bankruptcy Code* (the "**Motion**") was brought by Stephen James Parbery and Marcus William Ayres, of PPB Advisory in Sydney, Australia, the duly appointed and acting joint and several Administrators (the "**Administrators**") and foreign representatives of NewSat Limited, NSN Holdings Pty Ltd., NewSat Services Pty Ltd., Jabiru Satellite Holdings Pty Ltd., NewSat Space Resources Pty Ltd., NewSat Networks Pty Ltd., and Jabiru Satellite Ltd. (collectively, the "**NewSat Debtors**") in administration proceedings (together, the "**Australian Proceeding**") under Australia's *Corporations Act 2001* (Cth), as amended, subject to the supervision of the Federal Court of Australia and the Supreme Court of New South Wales. The Administrators commenced the above-captioned chapter 15 cases ancillary to the Australian Proceeding by filing *Verified Petitions for Recognition of Australian Administration Proceedings and Related Relief* (together, the "**Chapter 15 Petitions**") under chapter 15 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**").

By the Motion, the Administrators requested (i) the immediate entry, on an *ex parte* basis, of a temporary restraining order staying execution against the assets of the NewSat Debtors,

---

[1] The last four digits of the Australian Company Number for each debtor follow in parentheses: NewSat Limited (7303); NSN Holdings Pty Ltd. (3263); NewSat Services Pty Ltd. (8708); Jabiru Satellite Holdings Pty Ltd. (7800); NewSat Space Resources Pty Ltd. (9943); NewSat Networks Pty Ltd. (4994); and Jabiru Satellite Ltd. (7365).

01:16960761.6

applying sections 362 and 365 of the Bankruptcy Code in these cases on a provisional basis, and scheduling a hearing on the Administrators' request for a preliminary injunction, and (ii) after such hearing, the entry of a preliminary injunction extending the relief in the temporary restraining order until the disposition of the Chapter 15 Petitions.

The Court has considered and reviewed the Motion and the Chapter 15 Petitions and all related documents filed contemporaneously therewith, including, but not limited to, the specific facts alleged in the Chapter 15 Petitions as verified by Stephen James Parbery and Marcus William Ayres and the *Declaration of Leonard Martin McCarthy in Support of (I) Administrators' Verified Petitions for Recognition of Australian Administration Proceedings and Related Relief; (II) Administrators' Motion for Joint Administration; and (III) Administrators' Emergency Motion for Temporary Restraining Order, and After Notice, and a Hearing, a Preliminary Injunction Pursuant to Sections 1519, 105(a), 362, and 365 of the Bankruptcy Code*, including all facts specifically alleged and verified therein. Based on the foregoing, the Court finds and concludes as follows:

a) The Administrators have demonstrated a substantial likelihood of success on the merits that the NewSat Debtors are the subject of a pending foreign main proceeding in Australia and that the Administrators are the foreign representatives of the NewSat Debtors;

b) The Administrators have demonstrated that without a stay on execution against the NewSat Debtors' assets and the protections of section 362 of the Bankruptcy Code, there is a material risk that the NewSat Debtors will suffer irreparable harm to the value of their business, assets, and property from the potential termination of contracts by counterparties and enforcement efforts of creditors pending the disposition of the Chapter 15 Petitions;

c) The Administrators have demonstrated that without the protections of section 365 of the Bankruptcy Code, there is a material risk that key contracts may not be preserved and that counterparties to certain of the NewSat Debtors' agreements may take the position that the

commencement of the Australian Proceeding authorizes them to terminate such contract or accelerate obligations thereunder. Such termination or acceleration, if permitted and valid, could severely disrupt the NewSat Debtors' operations, result in irreparable damage to the value of the NewSat Debtors' businesses, and cause substantial harm to the NewSat Debtors' creditors and other parties in interest;

d) The Administrators have demonstrated that no injury will result to any party that is greater than the harm to the NewSat Debtors' business, assets and property in the absence of the requested relief, and that the interests of the public will be served by this Court's granting of the relief requested by the Administrator;

e) Due to the nature of the relief requested, the Court finds that no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in these cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure;

f) In the context of these cases, the Court finds that it would be infeasible for the Administrators to serve notice of the Motion on all parties in interest;

g) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

h) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

i) Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) and (3).

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Administrators' *ex parte* Motion for a temporary restraining order is GRANTED as set forth herein.

2. A hearing (the "**Hearing**") on the Administrators' motion for a preliminary injunction extending the relief in this order until the disposition of the Chapter 15 Petitions shall be held at _10:00AM_(ET) on April 28, 2015.

3. Pending the Hearing:

01:16960761.6

(a) pursuant to sections 1519(a)(1) and 105(a) of the Bankruptcy Code, except for the receivership and administration proceedings pending in Australia, all persons and entities are enjoined from seizing, attaching, possessing, executing and/or enforcing any claim or lien against any property in which any of the NewSat Debtors has an interest; and

(b) pursuant to sections 1519 and 105(a) of the Bankruptcy Code, sections 362 and 365 of the Bankruptcy Code shall apply in these cases, thereby (a) staying any and all actions or proceedings against the NewSat Debtors and their assets and (b) preserving contracts that have not been terminated and enjoining all persons and entities from taking any action to terminate or modify any executory contract or unexpired lease with any of the NewSat Debtors, including without limitation the right to rely upon any contractual provision purporting to effect a termination or modification solely because of a condition of the kind described in section 365(e)(1).

4. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

5. The Administrators shall cause notice of the entry of this Order to be served by United States mail, first-class postage prepaid or by overnight courier, on all known creditors and all other parties against whom relief is sought (or their counsel).

6. Service in accordance with this Order shall constitute adequate and sufficient service and notice.

7. Responses or objections to the Administrators' request for a preliminary injunction must be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules and in writing describing the basis therefore, which objection or response must be filed with the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and served upon counsel for the Administrators and the United States Trustee for the District of Delaware (the "U.S. Trustee") so as to be received by April 23, 2015, at 12:00 p.m. (ET), in accordance

01:16960761.6

4

with the requirements of Bankruptcy Rule 1011(b). Notices to counsel for the Administrators should be addressed to Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attention: Ken Coleman and Mark Nixdorf and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attention: Joseph Barry and Matthew Lunn and to the U.S. Trustee at 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Esq.

8.  This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
April 16, 2015  5:55 p.m.

_____
United States Bankruptcy Judge

01:16960761.6

5