IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 15 |
| NEWSAT LIMITED, *et al*,[1] | Case No. 15-10810 (LSS) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |
| | Hearing Date: April 28, 2023 at 10:30 a.m.<br>Objection Deadline: April 14, 2023 at 4:00 p.m. |

**LIQUIDATOR AND SECURED LENDERS' JOINT MOTION FOR ENTRY OF ORDER (I) CLOSING CHAPTER 15 CASES, (II) GRANTING RELIEF FROM FINAL REPORT REQUIREMENT, AND (III) GRANTING RELATED RELIEF**

Mr. Glenn Livingstone, in his capacity as liquidator (the "**Liquidator**") and Société Générale, Credit Suisse (Luxembourg) S.A., Standard Chartered Bank and the Export-Import Bank of the United States, in their capacity as secured lenders (collectively, the "**Secured Lenders**") to the above-captioned affiliated debtors (collectively, the "**NewSat Debtors**") respectfully submit this motion (the "**Motion**") pursuant to sections 105, 350(a), 1517(d) and 1518(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 5009 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order (i) closing the NewSat Debtors' chapter 15 cases (collectively, the "**Chapter 15 Cases**"), (ii) granting relief from the requirement that the foreign representative file

---

[1] The last four digits of the Australian Company Number for each debtor follow in parentheses: NewSat Limited (7303); NSN Holdings Pty Ltd. (3263); NewSat Services Pty Ltd. (8708); Jabiru Satellite Holdings Pty Ltd. (7800); NewSat Space Resources Pty Ltd. (9943); NewSat Networks Pty Ltd. (4994); and Jabiru Satellite Ltd. (7365).

28202747.4

a final report, and (iii) granting related relief. In support of this Motion, the Liquidator and the Secured Lenders respectfully represent as follows:

## INTRODUCTION

1. This Motion is presented by the Secured Lenders and the current Liquidator of the NewSat Debtors. The foreign representatives who initiated the Chapter 15 cases have resigned their position as Liquidators of the NewSat Debtors.

## JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Liquidator and the Secured Lenders consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1410(3) because placing venue in this District will be consistent with the interests of justice and convenience for the NewSat Debtors, having regard to the relief sought by the Liquidator and the Secured Lenders.

4. The statutory predicates for the relief requested herein are sections 105, 350(a), 1517 and 1518 of the Bankruptcy Code, Bankruptcy Rule 5009, and Local Rule 5009-2. Section 1517(d) of the Bankruptcy Code provides that a case under chapter 15 of the Bankruptcy Code may be closed in the manner prescribed under section 350 of the Bankruptcy Code.

**BACKGROUND**

5. On April 14, 2015, the security trustee for the collateral securing the NewSat Debtors' obligations to the Secured Lenders exercised its right under section 436C(1) of Australia's *Corporations Act 2001* (Cth) to appoint Stephen James Parbery and Marcus William Ayres, then of PPB Advisory,[2] as administrators of the NewSat Debtors (the "**Administrators**" with respect to the "**Australian Proceedings**") due to the occurrence of events of default under the finance documents.

6. On the same date, the Secured Lenders appointed Jason Preston and Matthew Caddy of McGrath Nichol as Receivers and Managers of the NewSat Debtors.

7. On April 16, 2015, the Administrators commenced these Chapter 15 Cases by filing, among other things, chapter 15 petitions and the *Verified Petition for Recognition of Foreign Proceedings and Related Relief* seeking recognition by this Court of the Australian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code [Docket No. 6].

8. On April 16, 2015, the Court entered the *Temporary Restraining Order* [Docket No. 21], which operated as a stay of execution against the NewSat Debtors' businesses and assets within the territorial jurisdiction of the United States, which it extended by the *Extension of Temporary Restraining Order* [Docket No. 66] on April 28, 2015.

9. On May 1, 2015, the Court entered the *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 80], applying sections 361, 362, 365, 506(c), and 552 of the Bankruptcy Code to the Chapter 15 Cases, and holding that the non-debtor parties to executory contracts with the NewSat Debtors did not have to perform any work

---

[2] PPB Advisory has since been acquired by KPMG Australia. Mr Parbery and Mr Ayres are now at Kroll Australia.

pending any order entered on the Verified Petition without such failure constituting an event of default.  This latter provision was included pursuant to an agreement between the Administrators and Lockheed Martin to resolve Lockheed Martin's objection to the Administrators' Motion for Provisional Relief.

10. On May 29, 2015, the Court entered the *Order Granting Recognition and Related Relief* [Docket No. 113].

11. In August 2015, the NewSat Debtors' Australian voluntary administration process was converted to a liquidation.  *See* Docket No. 151.  The Administrators automatically became the Liquidators of the Debtors.

12. The Receivers and Managers sold the NewSat Debtors' teleport business to Speedcast and arranged for the transfer of employees and contracts in connection with this sale. They also recovered deposits for launch insurance and amounts owed to the NewSat Debtors by trade creditors, which were used to fund a reimbursement of attorneys' fees advanced by the Export-Import Bank of the United States (one of the Secured Lenders) and an interim distribution to the Secured Lenders.  The Receivers and Managers also resolved employee and other creditor claims, provided books and records to the Australian Securities and Investments Commission, made tax payments and filings of various kinds, and prepared a claim against the NewSat Debtors' D&O insurance relating to the conduct of NewSat Debtors' former directors.

13. On January 25, 2017, Debtors NewSat Limited and Jabiru Satellite Limited (by the Receivers and Managers) commenced proceedings in the Federal Court of Australia against former directors Adrian Ballantine and Richard Green.  This proceeding was settled and a Deed of Settlement and Release recorded on March 22, 2019.  In about March 2020, Mr. Ballantine was

convicted in the County Court of Victoria, Australia, of authorizing fake invoices to be issued to NewSat to channel money to his private yacht business.

14.    On March 6, 2017, Mr. Ayres retired as Liquidator. On June 19, 2020, the Receivers and Managers retired. On September 10, 2020, Mr. Parbery retired as Liquidator and Mr Livingstone was appointed as Liquidator by the Federal Court of Australia.

15.    On June 18, 2020, Debtors NewSat Limited and Jabiru Satellite Limited (by Mr. Parbery as Liquidator) commenced proceedings in the Supreme Court of Victoria against the Secured Lenders. Those proceedings are still on foot.

16.    At this stage of the liquidation, there is no further need for the Chapter 15 Cases in this Court and the Secured Lenders and the Liquidator respectfully request that they be closed.

## RELIEF REQUESTED

17.    By this Motion, the Secured Lenders and the Liquidator respectfully seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), finding that the Chapter 15 Cases are fully administered, waiving the requirement of a final report, waiving certain notice requirements, and closing the Chapter 15 Cases without prejudice pursuant to sections 105, 350, 1517(d) and 1518(1) of the Bankruptcy Code, Bankruptcy Rule 5009(c), and Local Rule 5009-2.

## BASIS FOR RELIEF REQUESTED

18.    Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter [15] may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Pursuant to section 350 of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a). Bankruptcy Rule 5009(c) provides:

> A foreign representative in a proceeding recognized under § 1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. *If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered*.

Fed. R. Bankr. P. 5009(c) (emphasis added). Pursuant to Local Rule 5009-2, "a foreign representative . . . may seek the entry of a final decree when the purpose of the representative's appearance in the Court is completed . . . ." Del. Bankr. L.R. 5009-2.

19. The foreign representatives fulfilled the purposes of their appearance before this Court in connection with the Chapter 15 Cases, but failed to file a final report prior to their resignation as Liquidators. There are no outstanding motions, contested matters or adversary proceedings. Based on the foregoing, the Secured Lenders and the Liquidator respectfully submit that the NewSat Debtors no longer require assistance of this Court in connection with the administration of the Australian Proceeding.

20. The movants will file on the date hereof an *Affidavit of Service* confirming that, consistent with the relief requested herein, the requisite parties were notified, and that they have until April 14, 2023, to object to the closure of the Chapter 15 Cases. In accordance with Bankruptcy Rule 5009 and Local Rule 5009-2, the Secured Lenders and the Liquidator expect to file a certification indicating that no objections were received in response to the Motion, or that

any such objections were resolved with the applicable objecting party (the "**Certification of No Objection**").

21. Upon the filing of the Certification of No Objection and barring any objections to the Final Report and Motion, the Chapter 15 Cases will be presumed fully administered pursuant to Bankruptcy Rule 5009(c) and Local Rule 5009-2(b). Thus, the Secured Lenders and the Liquidator submit that the Chapter 15 Cases should be closed at that time. With respect to closing, however, the Chapter 15 Cases should be subject to reopening to "accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

## NOTICE

22. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; and (b) all other persons to whom notice is required in these Chapter 15 Cases pursuant to Local Rule 5009-2(b). In light of the nature of the relief requested by this Motion, the Liquidator and Secured Lenders respectfully submit that no other or further notice is necessary or required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Secured Lenders and the Liquidator respectfully request that this Court (a) enter the Proposed Order substantially in the form attached hereto as **Exhibit A** closing the Chapter 15 Cases; and (b) grant such other and further relief as is just and appropriate under the circumstances.

Dated: March 14, 2023
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Joseph Barry*

Joseph Barry (Del. Bar No. 4221)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jbarry@ycst.com

*Former Counsel for the Administrators*